Welch, J.
Whether the facts set forth in the petition, and answer show a right of action in the state to recover the amount of the recognizance, and whether interest on. that amount should be allowed from the date of its forfeiture, are the questions presented by the record.
For the plaintiff in error it is contended, that the court had no authority to take the recognizance in question, for the reason that the child was already horn, and the complainant was able to attend court, and, therefore, it was not one of the cases provided for in the fourth section of the-act, in which alone the court is authorized to take a recognizanee. They say that the court has no power to continue-the case, or. to require or take any recognizance of the party accused, except in cases where the complainant is still undelivered or is unable to attend, and where the surety objects to the continuance of the recognizance; and that even then the court is only authorized to take a recognizance-conditioned for the appearance of the accused at “ the next court after the birth of the child at which the mother of the child shall be able to attend,” and can not take a recognizance in the usual form, as was done here, for his appearance at the next term. Counsel also contend that the recognizance is inoperative because it was not signed by the parties. They say it is a mere bond of indemnity, and that the obligors are not liable thereon until a judgment is rendered in the case, or till some party interested has been damnified, and then only to the amount of the damage actually sustained. They also deny the right of the state-to recover interest on the amount of the recognizance.
We entirely dissent from these views. The third and fourth sections of the act are loosely and in artificially drawn,, but we think there is little difficulty in understanding their real object and meaning, which it seems to us counsel wholly fail to perceive.
The third section of the act requires the justice, when the accused fails to comply with the provisions of the first section, to “ bind such person in a recognizance, to appear at the next court of common pleas, ... to answer such- *331 accusation, and to abide the order of the court thereon.”' The fourth section is as follows:
“That if, at the time of said court, the woman be not delivered, or be unable to attend, the court shall order the-renewal of the bonds of recognizance, that the accused person shall be forthcoming at the next court after the birth of the child at which the mother of the child shall, be able to attend; and the continuance of such bonds shall be entered by order of said court, unless the security shall object thereto, and shall have the same force and effect as a recognizance taken in court for that purpose.”
The instrument required by the third section is a “ recognizance,” and not a bond, and need not be signed by the parties. The justice is required to “bind” the accused “ in,” that is, by, “ a recognizance.” By this recognizance-he is bound to do three things; namely, to appear at next court, to answer the complaint, and to abide the “ order” of the court. Evidently the “order” of the court here spoken of is its order touching the personal appearance and presence of the accused, and not the final judgment of the court in the case. The surety does not undertake for the payment or satisfaction of the final judgment, but only for the defendant’s appearance and submission to such further order as the court may make touching his continuance or future appearance in court. When the defendant appears-in pursuance of his recognizance, or is surrendered by his bail, the power to make the necessary “ order,” for the-renewal of his recognizance, or in default thereof, for his. committal to custody, is inherent in the court; it is necessarily incidental to any such proceeding, and need not be given by express statutory provision. The object of the fourth section is not to give authority to take a recognizance, but to provide for the continuance of the case under certain circumstances, and to provide an easy method of continuing the defendant’s obligation and security for his appearance from court to court, until the child shall be-born and the mother able to attend. By the words, “ that the accused person shall be forthcoming at the first court *332 .after the birth of the child at which the mother of the child shall be able to attend,” we do not understand that the legislature intended to specify the condition of the recognizance, but merely to specify the object of the recognizance or recognizances, which the court should find it necessary to take, to the end “ that the accused person should be forth coming,” etc. A recognizance with such a condition would be a novelty in judicial proceedings. It is highly improbable that the legislature would so suddenly change the condition of the recognizance required in the third section, namely, to appear in court to answer the charge, and abide the order of the court, and substitute for it the ill-defined obligation to “ be forthcoming,” and to “be forthcoming” at a time uncertain, and which the accused could probably ascertain no otherwise than by attending court from term to term. Any such construction of the statute would deprive the court of all power to continue the case for any -causes except those named in the .fourth section. If the child was born, and the mother able to attend, the court would be powerless to continue the case for any reason or necessity whatever; and if the court- did continue the cause it would thereby discharge the defendant, being powerless to order or take any recognizance for his future appearance. Such a construction of the statute can not be .admitted, and was never intended. The fourth section is to be read as though it simply provided that the cause should not be tried till the child was born, and the mother able to attend, and that in the meantime the court should require the necessary recognizances — “bonds of recognizance” — to insure the defend'ant’s ultimate attendance, effecting that, wherever the sureties do not object, by a simple order continuing the old recognizance, instead of taking a new one.
If we are right in thus construing the statute, the recognizance is not a bond of indemnity, or in the nature of such a bond, and the state, the obligee named therein, is the proper party, in the absence of legislation to the contrary, to bring a suit thereon, and is entitled to bring such-suit *333 upon breach of its condition, without showing that' any special damage or loss has accrued. For whose ultimate-use the money, when so recovered, shall be held or paid, is-a question outside of the case.
We think, also, that the court did not err in allowing interest on the amount of the recognizance from the date of its forfeiture. By the terms of the recognizance its amount then became an absolute and unconditional “ debt due” from the recognizors to the State of Ohio, and as such liable by express provision of the general interest law to interest at the rate of six per cent, per annum.

Motion overruled.